JOAN SHAIFER, Appellant, v NORMAN SHAIFER, Respondent.

First Department, July 18, 1978

## APPEARANCES OF COUNSEL

*Irving Levine* for appellant.

*Malcolm I. Lewin* of counsel *(Lans Feinberg & Cohen,* attorneys), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

The parties to this action, formerly husband and wife, were divorced on January 19, 1968. Norman Shaifer (Norman) had failed to make payments of alimony pursuant to the terms of the judgment. Joan Shaifer (Joan) then sued for a judgment awarding arrears in alimony, and the husband cross-moved for a reduction of payments due to changed financial circumstances. The claims of the parties were settled by stipulation on the record, the transcript of which was then signed by the parties. In lieu of alimony and any interest that Joan might have in Norman's estate, Joan agreed to payment of the principal sum of $63,500, payable over a period of 10 years. The payment was secured by a third mortgage on premises located in Brooklyn, New York, and owned solely by Norman. Joan's interest was further secured by limitations placed upon refinancing of the first and second mortgages. A crucial point which arose involved the possibility of substituting other collateral to protect Joan's interest, and yet to allow flexibility to Norman in the event he wished to dispose of the Brooklyn property. In the initial stipulation of June 4, 1971, the parties provided: "The said collateral shall be such as will be accepted by any of the leading banks in the City of New York, upon which said banks will lend a sum not in excess of 70% of the value of said collateral. It being intended, that if stock be delivered, it will be stock that is traded on the New York Stock Exchange and listed as part of the 30 stocks within the Dow Jones index of stocks."

This collateral would be substituted for the mortgage on real property originally given to Joan. Elaboration on the nature of the collateral to be provided was made on June 7, 1971 in open court. The following colloquy took place:

"It is the agreement of the parties, your Honor, that the

plaintiff shall be able to substitute collateral in lieu of the mortgage, when, as and if he shall desire to do so in dealing with the residential property.

"It is also agreed that we wish to substitute collateral which will satisfy the defendant so that her interests and security in this agreement shall in no wise be defeated.

"THE COURT: Why don't you specify certain marketable securities and say seventy per cent of the market value?

"MR. GAYNOR [Norman's attorney]: All right.

"THE COURT: Because actually this is what you are going to be faced with and leaving the term of the security vague, I think, is a problem.

"MR. GAYNOR: Judge, it might be other real estate.

"MR. LEVINE [Joan's attorney]: No. We don't want to take that."

It was after the June 7 hearing that the stipulation was accepted by the parties. We therefore hold that the statements of June 7 are an integral part of the stipulation agreed upon.

In March, 1974, Norman stopped making payments to Joan on the ground that she unreasonably refused to accept a mortgage on property in Saltaire, New York, in lieu of the mortgage on the property in Brooklyn. Joan served a notice demanding accelerated payment of the balance due her and commenced this lawsuit. Norman brought his own suit seeking to compel Joan to accept as substitute collateral a mortgage on other real property. The actions were consolidated for disposition. The court, after a nonjury trial, directed, *inter alia,* that Joan deliver a satisfaction of the mortgage on the Brooklyn property to Norman and accept as substituted collateral a mortgage executed by Norman on property in Saltaire. We disagree.

■ ■ We view the June 4 and June 7, 1971 stipulations, read as a whole and entered into in open court, as specifically excluding the right of Norman to offer as substitute collateral mortgage on other real property *(Matter of Dolgin Eldert Corp.,* 31 NY2d 1). Joan, therefore, was not required under the terms of that agreement to acquiesce in the substitution. We note further that the mortgage on the Brooklyn property contains two conflicting clauses which create an ambiguity sufficient to preclude the granting of accelerated judgment to Joan. One clause provides for accelerated judgment under certain conditions and another provides for a minimum 10-

year payout. It would be best to leave this for resolution at the new trial which we hereby direct to be held.

Accordingly, the judgment of the Supreme Court, New York County (GREENFIELD, J.), entered September 28, 1977, after a nonjury trial, directing, *inter alia,* that the plaintiff execute and deliver a satisfaction of mortgage on the Brooklyn property and accept a substitute mortgage on other real property, should be unanimously modified on the law and the facts, to the extent of declaring that the plaintiff is not required to accept substitute collateral in the form of another mortgage, that part of the action should be severed, and the matter should be remanded for a trial on the foreclosure of the Brooklyn property and on the right of the plaintiff to accelerated judgment, and otherwise the judgment should be affirmed, without costs or disbursements.

LUPIANO, J. P., BIRNS, EVANS, LANE and SULLIVAN, JJ., concur.

Judgment, Supreme Court, New York County, entered on September 28, 1977, unanimously modified, on the law and the facts, to the extent of declaring that the plaintiff is not required to accept substitute collateral in the form of another mortgage, severing that part of the action, and remanding the matter for a trial on the foreclosure of the Brooklyn property and on the right of the plaintiff to accelerated judgment, and otherwise affirmed, without costs and without disbursements.